IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:21-cr-00455-IM |
| v. | **OPINION AND ORDER DENYING DEFENDANT KATZ'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| **DAVID A. KATZ**, | |
| Defendant. | |

Robert Trisotto, Andrew T. Ho, and Hannah Horsley, U.S. Attorney's Office, 1000 SW 3rd Avenue, Suite 600, Portland, OR 97204. Attorneys for United States.

Wayne Mackeson, Wayne Mackeson, PC, 714 Main Street, Ste 201, Oregon City, OR 97045. Aaron Katz, Aaron Katz Law LLC, 399 Boylston Street, 6th Floor, Boston, MA 02116. Attorneys for Defendant Katz.

**IMMERGUT, District Judge.**

On June 12, 2024, a jury found Defendant David A. Katz guilty one count of conspiracy to defraud the United States and four counts of filing a false currency transaction report. ECF 176. Defendant Katz now moves this Court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and, in the alternative, a new trial pursuant to Rule 33(a) of

the Federal Rules of Criminal Procedure. Defendant's Renewed Rule 29 Motion and Rule 33 Motion ("Mot."), ECF 183. For the reasons set forth below, Defendant's Motion is DENIED.

## LEGAL STANDARDS

### A. Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that a court, on the motion of a defendant, must enter a judgment of acquittal as to any offense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c)(2). "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shih*, 73 F.4th 1077, 1100 (9th Cir. 2023) (quoting *United States v. Ross*, 123 F.3d 1181, 1184 (9th Cir. 1997)), *cert. denied*, 144 S. Ct. 820 (2024). Viewing the evidence in the light most favorable to the prosecution requires a court to "presume that the trier of fact resolved any conflicting inferences in favor of the prosecution." *United States v. Rosales*, 516 F.3d 749, 752 (9th Cir. 2008) (alterations omitted) (quoting *United States v. Johnson*, 229 F.3d 891, 894 (9th Cir. 2000)). Evidence is insufficient to sustain a conviction "where mere speculation, rather than reasonable inference, supports the government's case." *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (citation omitted). "In ruling on a Rule 29(c) motion, a district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (internal citation and quotation marks omitted); *see also United States v. Jerez*, 935 F.2d 276 (9th Cir. 1991).

B. **New Trial**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for a new trial "should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" *United States v. Showalter*, 569 F.3d 1150, 1157 (9th Cir. 2009) (quoting *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981)). Whether to grant a motion for a new trial is left to the district court's discretion. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012).

## BACKGROUND

In December 2021, Defendant was charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 ("Count One") and four counts of filing a false currency transaction report involving more than $100,000 in a 12-month period in violation of 31 U.S.C. § 5324(a)(2) and (d)(2) ("Counts Two through Five"). ECF 1; ECF 107 (superseding indictment). A seven-day jury trial took place from June 5 to June 12, 2024. ECF 152, 153, 157, 159, 166, 168, 169. Before the case was submitted to the jury, Defendant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, which this Court denied. ECF 166. The jury found Defendant guilty on all counts. ECF 176. Defendant now moves for a judgment of acquittal.

This case involves legitimate and illegitimate construction companies and a multimillion-dollar conspiracy to defraud the United States. The following evidence adduced at trial is relevant for the instant Motion: Defendant managed a check-cashing business, Check Cash Pacific, Inc., with locations around Oregon and one location in Vancouver, Washington. Defendant's coconspirators used Check Cash Pacific to cash payroll checks for their sham

construction companies, which facilitated their making under-the-table payments to construction workers. At trial, several coconspirators testified, including Francisco Mendez, Jorge Peraza, and Victor Hugo Lopez-Diaz. During the course of the conspiracy, Lopez-Diaz used the fake name "Miguel Lopez." The Government estimated that the conspiracy obstructed the Internal Revenue Service ("IRS") from collecting more than $44 million in tax revenue from 2014 to 2017.

## DISCUSSION

### A. Count One

As to Count One, Defendant argues that the Government failed to provide evidence from which a rational juror could find that he entered into an agreement to obstruct a lawful function of the government by deceitful or dishonest means. Mot., ECF 183 at 3–9. Defendant relies on *United States v. Loveland*, 825 F.3d 555 (9th Cir. 2016), for the proposition that the Government "could not satisfy this 'agreement' element merely by proof that [he] knew (or deliberately avoided learning) that certain Check Cash Pacific Customers were (or likely were) using the cash they obtained from Check Cash Pacific to make under-the-table payments to construction workers." *Id.* at 5. According to Defendant, the Government established nothing more than a buyer-seller relationship between himself and those who were engaged in the conspiracy to defraud the United States, which fails to establish that Defendant had knowledge of and a shared stake in his alleged coconspirators' unlawful operation. *Id.* at 8.

The Government responds by pointing to the evidence from which a rational juror could find that the agreement element was satisfied. Government's Opposition to Defendant's Renewed Rule 29 Motion and Rule 33 Motion ("Resp."), ECF 184 at 6–14. With respect to Defendant's reliance on *Loveland*, the Government argues that "[t]he Ninth Circuit has confined the 'buyer-seller' defense to drug distribution conspiracies charged under 21 U.S.C. § 846." *Id.*

at 15. The Government also points this Court to *United States v. Rodman*, 776 F.3d 638, 644 (9th Cir. 2015), in which the court explained that a jury instruction on the buyer-seller defense was inappropriate for the conspiracy to defraud count brought by the government in that case.

In addition to the substantial evidence discussed by the Government in its briefing, this Court highlights the following evidence from which a rational juror could conclude that Defendant entered into an agreement to defraud the United States by deceitful or dishonest means for the purpose of impeding, impairing, obstructing, or defeating the lawful functions of the IRS.

First, during a 2014 Bank Secrecy Act audit of the Vancouver, WA, location of Check Cash Pacific, Defendant was asked to verify the identity of Miguel Lopez, but Defendant failed to provide the auditing agent with the copy of the driver's license he kept on file for Miguel Lopez. Along with failing to provide evidence during a government audit, the jury heard testimony that Defendant affirmatively warned his co-conspirator of the investigation. Victor Hugo Lopez-Diaz, the coconspirator who used the alias "Miguel Lopez," testified that he had received a call from Defendant warning him of the investigation following that audit, and that this warning prompted Defendant's co-conspirators to begin using different fake identities and sham companies to cash checks. More than a year later, Victor Hugo Lopez-Diaz, again using the name Miguel Lopez, began cashing checks at Check Cash Pacific, albeit using a different Social Security Number. The Government introduced a demonstrative chart at trial showing the abrupt pause in Miguel Lopez's check cashing activity, beginning only a few days after the auditing agent's first meeting with Defendant.

Second, in 2016, then-Revenue Agent Matthew Erwin interviewed Defendant in connection with ongoing civil audits of Miguel Lopez and another coconspirator. Agent Erwin

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT KATZ'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL AND, IN THE ALTERNATIVE, FOR A NEW TRIAL

testified that Defendant responded to his subpoena but, when asked to provide updated contact information for Miguel Lopez, failed to provide that information. The Government presented text messages showing that, during the same time period, Defendant was in frequent contact with Miguel Lopez.

A rational juror could infer from these pieces of evidence, along with the evidence discussed by the Government in its briefing, that Defendant agreed to defraud the United States by obstructing the lawful functions of the IRS by deceitful or dishonest means. The evidence showed that Defendant coordinated with his coconspirators to cash checks totaling more than $177 million, and that when the IRS investigated, Defendant withheld information relating to one of his coconspirators. A rational juror could conclude that this establishes that Defendant had knowledge of and a stake in his coconspirators' unlawful operation.

B.  Counts Two through Five

As to Counts Two through Five, Defendant argues that the Government's case "hinged on the trial testimony of Lopez[-]Diaz," who, according to Defendant, "perjured himself" regarding whose handwriting appears on the two Miguel Lopez customer cards. Mot., ECF 183 at 9–11. Defendant asks this Court to vacate the jury's verdict on these counts because, according to him, it rests on false testimony. *Id.* The Government responds that the jury verdict must stand because Lopez-Diaz "testified truthfully concerning the two customer cards at issue," and, even if the testimony were false, it "d[oes] not have a reasonable probability of affecting the verdict." Resp., ECF 184 at 19–20.

Based on the testimony provided at trial, Defendant has not established that Lopez-Diaz provided false testimony. Indeed, as the Government points out, Lopez-Diaz's testimony was not self-contradicting—he testified that Defendant filled out his customer card in 2007 and he did

not testify regarding which individual filled out this customer card in 2015. As for the testimony of Francisco Mendez, Mendez did not testify that Defendant filled out his customer card in 2015 as Defendant claims. Rather, Mendez testified that either Defendant or Lopez-Diaz filled out his customer card. Thus, the testimony regarding who filled out the three various customer cards is not inconsistent, and this Court will not disturb the jury's verdict on Counts Two through Five.

## CONCLUSION

For the reasons set forth above, Defendant's Renewed Rule 29 Motion and Rule 33 Motion, ECF 183, is DENIED.

**IT IS SO ORDERED.**

DATED this 29th day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge